Matter of Canonico (Commissioner of Labor) (2023 NY Slip Op 03530)

Matter of Canonico (Commissioner of Labor)

2023 NY Slip Op 03530

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

536125
[*1]In the Matter of the Claim of Debra Canonico, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 26, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Alan H. Krystal, PC, Nesconset (Alan H. Krystal of counsel), for appellant.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant was employed full time as an office manager for a commercial heating business beginning in 2014 and ending on March 22, 2020, when she was laid off at the outset of the COVID-19 pandemic. Claimant was also employed part time as a cashier with a drug store since 2013. After she was laid off from her office manager position, she filed a claim for unemployment insurance benefits effective March 23, 2020, while continuing to work at the drug store. Each week for 45 weeks, for the weeks ending April 5, 2020 through February 7, 2021, claimant certified that she had not worked any days during that week and that she had not earned more than $504, the maximum weekly benefit, although it was later established that she had earned in excess of that amount in five of the weeks during the relevant period. Claimant received regular unemployment insurance benefits and various federal pandemic unemployment compensation and lost wage assistance during this period.
The Department of Labor issued an initial determination that found claimant ineligible to receive benefits effective March 30, 2020 through February 7, 2021 because she was not totally unemployed during that time period, charged her with a recoverable overpayment of the unemployment benefits that she received based upon her failure to report the days she worked and her earnings, reduced her right to receive future benefits, and imposed a monetary penalty pursuant to Labor Law § 594 for making willful misrepresentations to obtain benefits. Following a hearing, an Administrative Law Judge upheld the determination, finding that claimant was ineligible for benefits based upon her lack of total unemployment, that she made factually false and willful misstatements that she did not work in certifying for benefits and that all of the benefit overpayments were recoverable, but modified to hold that claimant's ineligibility ran until January 17, 2021, and for three days during each of the subsequent three weeks. The Administrative Law Judge referred the recalculation of the amount of overpayment of benefits and the monetary penalty to respondent. On claimant's appeal, the Unemployment Insurance Appeal Board affirmed, and claimant appeals.
We affirm. Claimant's sole contention on appeal is that she did not make willful false statements to obtain benefits and, therefore, she should not be charged with recoverable overpayments or a civil penalty. "[W]hether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204-1205 [3d Dept 2023] [internal quotation marks and citations omitted]). It was undisputed that [*2]claimant continued to work as a cashier at the drug store and received her regular hourly pay during the period in issue, that she failed to disclose this fact when certifying for unemployment benefits, and that she certified weekly that she had not worked any days that week, receiving various unemployment benefits on that basis. In arguing that her misrepresentations were not made with willful intent, claimant relies on her testimony that she was advised that she was eligible for unemployment benefits despite working part time on the grounds that she was "filing against [her] full-time job, not [her] part-time job." Nonetheless, claimant was unambiguously asked each week for 45 weeks, without qualification, if she had worked the prior week or earned over $504 and certified that she had not, knowing that she had continued to work each week as a cashier and, in five of the weeks, had earned over the specified maximum benefit amount. Notably, "[a] willful false statement or misrepresentation is one which was made knowingly, intentionally or deliberately, and criminal intent need not be shown" (Matter of Hua Fan [Commissioner of Labor], 182 AD3d 895, 895 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]), and "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Cruz [Commissioner of Labor] 215 AD3d at 1205 [internal quotation marks and citations omitted]). "Moreover, as the arbiter of credibility, the Board was entitled to reject as incredible claimant's exculpatory testimony that [s]he certified for benefits because [s]he allegedly was informed by [an unidentified] individual[ ] at the Department . . . that [s]he was eligible for said benefits" and that she believed that she did not need to report her ongoing work despite the clear questions required to certify for benefits each week (Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1216-1217 [3d Dept 2023]). As the Board's finding that claimant made willful false statements to obtain benefits is supported by substantial evidence, its decision will not be disturbed.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.